UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JASON FOSTER

CRIMINAL ACTION

NO. 12-117-JJB-SCR

## **RULING ON UNITED STATES' MOTION TO REOPEN AND RECONSIDER**

This matter is before the court on the United States' Motion (doc. 28) to Reopen and Reconsider the Court's Ruling on Defendant's Motion to Suppress. The Defendant Jason Foster filed an opposition. (Doc. 29). In its motion, the United States argues that this Court should reopen and reconsider its prior ruling granting the Defendant's motion to suppress, because the prosecution failed to have Special Agent A.J. Lugo testify at the suppression hearing. The prosecution avers that Special Agent Lugo could have presented the necessary evidence to overcome the motion to suppress.

After review, the court refuses to reopen this matter and reconsider its prior ruling. First, both the evidence and testimony demonstrates that Master Trooper K. Leachman prepared and signed the consent-to-search form. (Doc. 19, p. 9, lines 10–12; Doc. 29-1, p. 1). As the Defendant acknowledges, Master Trooper Leachman attended the suppression hearing as a potential witness, and the Government could have called him to testify at some point during the proceedings. (*See* doc. 29, p. 4). Nevertheless, the United States failed to call Master Trooper Leachman as part of their presentation. The individual who prepared and witnessed the signing of the consent-to-search form—as indicated by his signature on the form—would surely have some information that could have aided this court in making its determination. Yet, the prosecution never called him to testify, even after the voluntariness of the consent became a prime issue.

Furthermore, the United States initially entered the consent-to-search form into evidence, and thus, it should have been prepared to present any evidence necessary to establish that the form was freely and voluntarily executed by the relevant parties. Based on the motion to suppress, the United States knew that the Defendant was challenging the warrantless search of his home. (*See* doc. 12). While the main thrust of the initial motion concerned the warrantless entry to the home, the prosecution should have been prepared to justify the warrantless search of the home based on the consent-to-search form that it admitted into evidence. *See United States v. El-Mezain*, 664 F.3d 467, 540 (5th Cir. 2011) ("The Government bears the burden of showing that a warrantless search or seizure was valid.").

Finally, even after it became apparent that the voluntariness of the signatures on the form would be an issue, the United States never attempted to present any additional evidence contradicting Ms. Foster's testimony, either during the hearing or thereafter. At the suppression hearing, the Government questioned Ms. Foster specifically as to the consent-to-search form, at which point Ms. Foster reaffirmed her earlier testimony that she initially denied consent and signed the form only after the officer told her that they were "gonna [sic] sit here till we get a warrant." (Doc. 19, p. 55, line 9 through p. 56, line 6). In its motion, the Government even acknowledges that "during the suppression hearing the focus shifted to an issue not specifically raised in the defendant's Motion, i.e., complaints regarding whether the consent form, as executed by his wife, was free and voluntary." (Doc. 28-1, p. 3). Nevertheless, the Government did not attempt to present any additional evidence at the hearing and did not make any attempts thereafter. The exact same arguments the Government is presently making could have been made at some point during the almost four month period between the hearing in this case and the court's ruling on the matter.

Therefore, the court will not give the prosecution another bite at the apple. The United States could have presented relevant testimony from Master Trooper Leachman—the individual who prepared and signed the consent-to-search form—as he was present at the suppression hearing and seemingly able to testify. The court does understand that the Government was trying to accommodate Special Agent Lugo during this process, and thus, did not have him present at the suppression hearing. But, that does not outweigh the Government's burden to justify a warrantless search of a home. The prosecution knew that the warrantless search of the home would be the principal issue at the suppression hearing, and its failure to present evidence to show that the Fosters provided free and voluntary consent to the consent-to-search form—a form the United States initially put at issue—will not be excused by this Court.

Accordingly, the court **DENIES** the United States' Motion (doc. 28) to Reopen and Reconsider the Court's Ruling on Defendant's Motion to Suppress.

Signed in Baton Rouge, Louisiana, on January 8, 2014.

    **JUDGE JAMES J. BRADY**
    **UNITED STATES DISTRICT COURT**
    **MIDDLE DISTRICT OF LOUISIANA**